[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, in case FA 98 0163724S, commenced an action to dissolve her marriage to the defendant, Michael Falkenstein. At the same time the plaintiff commenced a civil action, CV98 0163963 5, against her defendant husband and their daughter, Emily, requesting that the daughter reconvey title of the parties' marital residence to them. The defendant, Emily, filed a counterclaim alleging a partnership agreement and seeking an CT Page 6960 accounting and other relief.
The two cases were consolidated for trial, and the civil file was given a new file number, FA98 0163963. Both matters were heard by the court on May 28, 1999 and June 2, 1999.
At the commencement of trial, the defendant, Emily Falkenstein, agreed to convey to her parents her entire interest in the marital residence at the conclusion of the evidence, but stated she intended to proceed on her counterclaim.
 I. FA98 01637245 (DISSOLUTION ACTION)
The parties intermarried at Dublin, Ireland, on July 1, 1970. The plaintiff has resided continuously in this state since 1975; therefore, this court has jurisdiction. There are two children issue of the marriage. Both have reached majority, but the younger still attends high school and will graduate on June 19, 1999. The marriage of the parties has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is 53 years old. She described various problems affecting her health that restrict her ability to work. Presently, however, she is employed as a part-time secretary. She presents herself as an intelligent woman who has worked most of the marriage and has been a major contributor to the needs of the family.
The defendant is 49 years old. He stated no health problems. He is employed as a product manager at a local engineering company. He is a quiet, soft spoken gentleman who has provided for his family as best as he could over the years.
This is a 29 year marriage. These are two hard working people who apparently were not meant for each other. Their marriage has not been a good one for a longtime. Each must bear some responsibility for the failure of their marital relationship.
This court has considered all of the evidence and the statutes made and provided for the dissolution of marriage and related relief in Chapter 815j of the Connecticut General Statutes, including but not limited to C.G.S. Sections 46b-81 and 82, and hereby enters the following orders: CT Page 6961
(1)The defendant shall pay to the plaintiff, as and for periodic alimony, the sum of one hundred twenty-five ($125) dollars per week. The payments shall commence on Monday, July 5, 1999 and weekly thereafter, in advance, and continue until the death of either party, the plaintiffs remarriage, or cohabitation pursuant to C.G.S. Section 46b-86 (b), whichever event first occurs. A contingent wage withholding order may enter.
 The pendente lite order shall remain in effect through July 3, 1999, except that the pendente lite child support order shall terminate on June 19, 1999.
(2) As previously indicated, title to the marital residence is presently in the name of Emily Falkenstein, daughter of the parties. Pursuant to her agreement, she is ordered to immediately convey her entire interest to the parties in their joint names, with rights of survivorship.
The marital residence, known as 107 Hickory Drive, New Canaan, Connecticut, shall immediately be listed for sale. The parties shall cooperate in the listing and sale of the property. The court shall retain jurisdiction over the terms and conditions of the listing and sale in the event of a disagreement between the parties. Notwithstanding the same, any bonafide offer within five (5%) percent of any current listing price shall be accepted by the parties. Reasonable and customary closing expenses shall be paid from the gross proceeds of sale. From the balance the following debts shall be paid:
1. Citibank Credit Card $ 6,000
2. Hoffman Fuel $ 300
3. CLP $ 300
4. Town of New Canaan $ 800
5. ATT Universal Card $ 5,500
6. National City $ 7,500
7. Capital One $ 6,000
 Total $ 26,400
CT Page 6962
From the remaining balance, the defendant shall receive the sum of $10,000. This payment together with allocations under orders that follow is to rectify any imbalance in the distribution of assets that otherwise would have occurred by the plaintiffs violation of the automatic orders entered by making large withdrawals of joint funds for payments of what she deemed to be obligations of the parties. Finally, the proceeds remaining after the payments indicated above shall be equally divided between the parties.
The plaintiff shall have exclusive possession of the marital residence until it is sold. She shall collect the rent from the tenant and apply the proceeds towards payment of the mortgages, taxes and homeowner insurance. These expenses are $1,864 per month according to the plaintiff's financial affidavit. After applying the rent of $800 per month towards these expenses, the parties shall share equally the balance due. The defendant shall pay his share on the first of each month, starting July 1, 1999, to the plaintiff who shall be responsible for making the payments to the mortgagees.
(3) The defendant shall name the plaintiff as irrevocable beneficiary on a life insurance policy having a face value of not less than $50,000 for as long as the defendant is obligated to pay periodic alimony. The defendant shall annually provide the plaintiff with proof of such coverage.
(4) The defendant shall cooperate with the plaintiff in her efforts to receive COBRA benefits under the defendant's medical insurance policy. The plaintiff shall be responsible for the costs of such insurance.
(5) The plaintiff is awarded the following assets:
 a. The 1993 Trooper motor vehicle. The defendant shall execute all necessary documents to transfer his interest to the plaintiff;
 b. The 1985 F150 motor vehicle;
c. Her bank accounts at Cornerstone Bank;
d. The Securities listed on her financial affidavit; CT Page 6963
e. The approximate $3,000 cash in her possession.
(6) The defendant is awarded the following assets:
 a. The checking and bank accounts listed on his financial affidavit;
 b. The escrow account of approximately $3,300;
c. His 401 K account;
 d. Whatever interest he has in the 1998 Ford Escort motor vehicle, subject to the outstanding loan.
(7) The defendant shall be solely liable for his debt to his daughter, Emily.
(8) Each party shall be responsible for his or her own counsel fees.
So Ordered.
Novack, J.
 II. FA 98 0163963 (CIVIL ACTION)
The parties, in 1990, conveyed title to their marital residence to their daughter, Emily. This was done to shield the asset from potential creditors. The defendant, Emily, prior to trial, failed to reconvey the property although requested to by the plaintiff.
As previously stated, at the commencement of the trial, Emily Falkenstein agreed to comply and convey title to her parents. Therefore, on the plaintiffs complaint, judgment may enter for the plaintiff, without costs. The defendant, Emily Falkenstein, shall immediately convey title to the marital residence to her parents, jointly in survivorship, subject to the outstanding mortgages, which shall be the obligations of the plaintiff and the defendant, Michael Falkenstein.
The plaintiff and the defendant, Michael Falkenstein, shall indemnify and hold harmless the defendant, Emily Falkenstein, for CT Page 6964 any and all tax or other liabilities or claims which might arise as a result of her ownership and the reconveyance thereof.
Judgment may enter for the plaintiff on the defendant, Emily Falkenstein's counterclaim. The defendant has conceded there was no partnership agreement between her and her parents.
The defendant, Emily, held an ownership interest in property purchased for investment in New Britain, Connecticut. The plaintiff and the defendant, Michael Falkenstein, shall indemnify and hold harmless their daughter against any and all liabilities which may arise, including present and future tax liabilities as a result of her past ownership interest. They shall be responsible for all litigation costs incurred by the defendant, Emily, if she is required to institute suit against the plaintiff to implement this indemnification order.
Judgment may enter accordingly.
Novack, J.